THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACOB BARR, on his own behalf and on behalf of other similarly situated persons,

Plaintiffs,

v.

PAYZID LLC, a California Company doing business as SALESESCALATOR.COM, and DoCircle, Inc., a California Corporation doing business as TRUMPIA.COM,

Defendants.

Case No. 2:12-cv-01461-MJP

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff JACOB BARR ("Representative Plaintiff"), on his own behalf and on behalf of all other similarly situated persons (collectively "Plaintiffs"), by and through their counsel, bring the following Complaint against Defendants PAYZID LLC, a California Company doing business as SALESESCALATOR.COM, and DOCIRCLE, INC., a California Corporation doing business as TRUMPIA.COM, to obtain all damages, injunctive relief, attorneys' fees, costs, and other remedies Plaintiffs are entitled to recover under law and equity.

## I. JURISDICTION AND VENUE

1. Defendants contend that there is federal jurisdiction.

2. Representative Plaintiff is a resident of King County in Washington State.

3. Many of the wrongful acts and omissions referenced in this Complaint occurred, were initiated, were furthered, or were given assistance in King County and Washington State.



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

4. Defendants do business in King County and Washington State.

## II. PARTIES

5. Plaintiff JACOB BARR is an individual.

6. Defendant PAYZID LLC, is a California Company. PayZid LLC is doing business in Washington as SALESESCALATOR.COM (a California-registered dba of Payzid LLC), as a reseller of text message marketing services offered by Trumpia.com, and, together with DoCircle, Inc., transmitted the text messages that are at issue in this case.

7. Defendant DOCIRCLE, INC. is a California corporation doing business in Washington as Trumpia.com. Upon information and belief, DoCircle, Inc. owns and manages all marketing with regard to SMS Short Code 96362, its systems transmit all text messages sent to SMS Short Code 96362, and, together with PayZid LLC, transmitted the text messages that are at issue in this case.

8. By agreement or some other manner of concerted conduct and course of dealings, Defendants conspired together to accomplish the unlawful and wrongful acts and omissions that are the subject matter of this action. Alternatively or otherwise, Defendants were the agents of each other with regard to acts and omissions attributed to them by the allegations herein.

## III. FACTUAL ALLEGATIONS

9. Defendants are responsible for causing and otherwise assisting in the transmission of unsolicited text messages to advertise commercial products to cellular telephone subscribers in Washington State and elsewhere in the United States of America.

10. Plaintiffs utilize cellular service with a common cellular telephone provider and maintain a cellular telephone number and have done so for a period of time, including all times relevant to this complaint.

11. Consumers like Plaintiffs have no effective means to avoid the receipt of unsolicited text messages. Receipt of each such text message invariably causes consumers to lose some of the finite storage capacity of the cellular telephones until they examine the text message,



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

review it sufficiently to determine that it is not an invited text message, and then take affirmative steps to delete such unsolicited text messages. Such unsolicited text messages are inherently a nuisance and violate the privacy of any person who receives them.

12. Plaintiffs did not provide their cellular telephone numbers to Defendants or their agents for the purpose of receiving marketing messages via text message or any other telephonic communication. Nor did Plaintiffs provide authorization or consent to Defendants or their agents to send them a text message or to store their personal contact information for purposes of marketing by text message.

13. On or about August 6, 2012, Defendants and/or their agents initiated or otherwise assisted in the transmission of unsolicited text messages to the cellular telephone numbers of numerous Plaintiffs by means of an automated telephone dialing system. Numerous Plaintiffs received an unsolicited text message, sent from SMS short code 96362, stating as follows:

> *"The Pizza Source: You are opted in to receive up to 2Msg/mo of Pizza Source Offers. Msg&Data rates may apply. Reply HELP for help. Reply STOP to Cancel.*

14. This message was false. Most if not all of the Plaintiffs, including Representative Plaintiff, did not opt in to receiving such text messages.

15. Almost immediately thereafter, numerous Plaintiffs received a second unsolicited text message stating as follows:

> *"The Pizza Source: Dont miss out on our Tuesday special!! Buy any large or larger pizza with 2 or more toppings, and get a large 2 topping FREE!!*

16. These unsolicited text message advertisements are illustrative of the text messages sent to Plaintiffs' cellular telephones for the commercial benefit of Defendants as part of marketing services they offer their paying customers.

17. Defendants sent these specific text messages to advertise a business entity located in Seattle known as The Pizza Source. The Pizza Source had authorized Defendants to send text



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

message advertisements only to consumers who provided prior express consent (*i.e.*, opted in) to receiving such text message advertisements. However, instead of sending commercial solicitations to the very few, if any, consumers who provided prior express consent, Defendants sent these text messages to the entire database of The Pizza Source's customers. Defendants—not The Pizza Source—selected who would receive unsolicited text messages and then caused the transmission of unsolicited text messages described above.

18. Most if not all of the consumers in The Pizza Store's customer database did not give prior express consent for Defendants or anyone else to use their information to send them text message advertisements.

19. More than 2,300 consumers received these specific unsolicited commercial text messages. Many of these consumers contacted The Pizza Source to complain about the unsolicited text message and stated that they incurred telephone charges when they received the unwanted promotions.

20. Defendants are in the business of sending such unsolicited text message advertisements using customer databases made available to them. Defendants necessarily have to utilize an automated telephone dialing system for this business enterprise to be economically viable. As Defendants are still in business, discovery in this case should confirm that Defendants utilized the customer databases of additional businesses to send unsolicited text message advertisements to numerous other persons in Washington State and throughout the United States of America. The common practice of Defendants has been and remains to cause the transmission of unsolicited text message advertisements to all consumers identified in databases made available to them. All of the victims of Defendants' business practices, regardless of whether they were identified in the customer database of The Pizza Source, are Plaintiffs which Representative Plaintiff seeks to represent.

21. Defendants each control or else have the right to control instrumentalities, persons, and/or information that were essential to the transmission of unsolicited commercial text



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

messages alleged herein this complaint. But for the negligent, reckless, willful, and/or knowing acts and omissions of Defendants in exercising such control, neither Representative Plaintiff nor any other of the Plaintiffs would have been sent unsolicited text messages as alleged herein.

22. Representative Plaintiff and all of the other Plaintiffs were injured as a result of Defendants' actions and omissions alleged herein in ways including, but not limited to: (a) Incurring cellular phone charges and/or reduction in cellular phone time or data capacity; (b) Invasion of privacy; (c) Aggravation, nuisance, and annoyance from having to retrieve or administer deletion of the unsolicited messages; and (d) Loss of use of the full capacities and capabilities, e.g., electronic storage space, of their cellular telephone.

23. By the conduct detailed above, Defendants, directly and/or through authorized agents, engaged in unlawful and otherwise wrongful marketing and advertising practices. These practices have damaged Representative Plaintiffs and persons similarly situated. Defendants caused the transmission of unsolicited electronic commercial text messages to telephone numbers assigned to Representative Plaintiffs and other residents of Washington State for cellular or pager services equipped to receive such messages.

24. Defendants' conduct above negatively affects the public interest. Unsolicited, Defendants sent the text messages to numerous consumers in Washington State and numerous consumers throughout the United States of America.

## IV. CLASS ACTION ALLEGATIONS

25. Representative Plaintiff brings this class action pursuant to Civil Rule 23 on behalf of himself and as representative of the following class of persons (the "National Class") entitled to remedies under federal law including, but not limited to, damages and injunctive relief:

> All persons in the United States of America and its territories who were sent, to their cellular telephone number(s), at least one unsolicited text message by Defendants, or someone acting on behalf of Defendants.

26. Representative Plaintiff also brings this class action pursuant to Fed. R. Civ. P. 23



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

on behalf of himself and as representative of the following persons (the "Washington Subclass") who are entitled to remedies under Washington State law including, but not limited to, damages and injunctive relief:

> All persons in Washington State who were sent, to their cellular telephone number(s), at least one unsolicited text message by Defendants, or someone acting on behalf of Defendants

27. Plaintiffs' class claims satisfy all of the requirements for class action certification pursuant to the Federal Rules of Civil Procedure, Rules 23(a) and 23(b)(1), 23(b)(2), and 23(b)(3) as referenced in this complaint and in accord with proof.

28. Satisfying all requisite numerosity requirements, numerous persons, including numerous Washington State residents and numerous residents of the United States of America, are believed to belong to the class. As a result, joinder of all class members in a single action is impracticable. Defendants and/or their agent(s) are in exclusive possession of the exact number of persons in the class, so discovery as to this matter should be provided immediately. Class members may be informed of the pendency of this class action through direct mail.

29. There are questions of fact and law common to the class, which predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' conduct include, without limitation, the following:

a. Whether Defendants negligently and/or willfully and/or knowingly caused violations of the Washington Consumer Protection Act and the Telephone Consumer Protection Act;

b. Whether Defendants, or someone acting on their behalf, caused transmissions of unsolicited text messages to Plaintiffs;

c. Whether Defendants' business relationship, if any, with Plaintiffs is sufficient consent to send the commercial text messages or whether express consent is required;

d. Whether the transmission was a "commercial text message" within the meaning of RCW 19.190.060;

e. Whether the violation of RCW 19.190.060; constitutes a *per se* violation of the Washington Consumer Protection Act;

f. Whether Defendants' practices and policies will cause further



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

violations of the Washington Consumer Protection Act and the Telephone Consumer Protection Act;

g. Whether Plaintiffs are entitled to damages for each of Defendants' violations of the Washington Consumer Protection Act and Telephone Consumer Protection Act; and

h. Whether Defendants conspired with other persons to perpetuate unlawful and/or wrongful practices and conduct?

30. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of Plaintiffs' claims.

31. Representative Plaintiff's claims are typical of those of the class in that he received on his cellular telephone multiple unsolicited commercial text messages and commercial solicitations that were the same or substantively similar to those transmitted and directed to the other class members. The transmission of these unsolicited commercial text messages and commercial solicitations violate RCW 19.86.10, *et seq.*, and related statutes, and they are in substance the type of commercial text message and commercial solicitation that would be transmitted and directed to numerous individuals. Defendants knowingly and/or willfully caused violations federal and state law when sending Plaintiffs unsolicited text messages.

32. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted in a general manner to the damage of the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests. Moreover, the individual damages of each of the Plaintiffs are so low that it would be economically impracticable for putative class members to bring their claims individually.

33. A primary factor in Plaintiffs' bringing this case is for final injunctive relief which is necessary and appropriate to ensure that Defendants cease and desist unlawful and



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

wrongful conduct. A class action is the most efficient means to ensure that Defendants do not damage the class in the future.

34. Representative Plaintiff is an adequate representative of the class because he is a member of the class and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Representative Plaintiff. Also, Representative Plaintiff is represented by a team of attorneys who together have extensive, multi-jurisdictional experience representing clients in complex class action litigation.

35. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impractical and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

**COUNT I**

**Violations of the Washington Consumer Protection Act**

**(By Representative Plaintiff and the Washington Subclass)**

36. Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs.

37. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the Washington Consumer Protection Act and related Washington statutes.

38. Defendants' practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiffs' cellular phones is a violation of RCW 19.190.060. This violation, by law, is a *per se* violation of Washington's Consumer Protection Act, RCW 19.86.010, *et seq.*

39. Defendants' practice of transmitting and/or assisting in the transmission of



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

electronic commercial text messages to Plaintiffs' cellular phones is conduct that vitally affects the public interest and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the Consumer Protection Act, RCW 19.86.010, *et seq.*

40. Defendants conducted these practices in the scope of its trade and in furtherance of the development and preservation of such business services.

41. Defendants' violations of the Consumer Protection Act are intentional, willful, knowing, and subject to treble damages under RCW 19.86.010, *et seq*.

42. Plaintiffs have suffered injuries as a direct result of Defendants' numerous violations of RCW 19.86.010, *et seq*.

43. Defendants' practices are emblematic of organizational policies and agreements among the Defendants and/or others which have caused and, if unabated, will continue to cause incidents, occurrences, and conduct which violate RCW 19.86.010, *et seq.*, and RCW 19.190.010, *et seq.*

44. Plaintiffs are entitled to recover damages for each of the Defendants' violations of RCW 19.86.010, *et seq.*

45. Plaintiffs are further entitled to recover damages for each of the Defendants' violations under RCW 19.190.010, *et seq.*, in amounts set forth by law and otherwise in accord with proof to be provided at trial.

46. Plaintiffs *will* continue to be damaged if Defendants are not compelled to cease and desist their unlawful conduct and their unfair, deceptive, and unlawful practices.

47. Plaintiffs are further entitled to all attorneys' fees, costs, and treble damages as allowed by RCW 19.86.010, *et seq.*, and as otherwise permitted by law.



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

**COUNT II**

**Violations of the Telephone Consumer Protection Act**

**(By Representative Plaintiff and the National Class)**

48. Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs as if the same were alleged herein this count.

49. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

50. Negligently, recklessly, willfully, knowingly, and/or intentionally, Defendants directly and/or vicariously engaged in acts, omissions, and/or other conduct as referenced herein this complaint that violates the Telephone Consumer Protection Act. Defendants directly and/or vicariously created, designed, deployed, and otherwise used an automated telephone dialing system, which initiated numerous telephone calls to Plaintiffs' cellular telephone numbers on behalf of the Defendants. The text messages received by Plaintiffs as alleged in this complaint were sent to Plaintiffs by means of an automated telephone dialing system. The telephone calls transmitted unsolicited commercial text messages to the cellular telephones of Representative Plaintiff and the other Plaintiffs as referenced in this complaint.

51. Plaintiffs are entitled to recover $500 in damages from the Defendants for each violation of the Telephone Consumer Protection Act.

52. Additionally, Plaintiffs are entitled to all damages referenced herein and in accord with proof, attorneys' fees, costs, treble damages, and other remedies allowed by the Telephone Consumer Protection Act or else otherwise permitted by law.

53. The Defendants will continue such conduct in the future absent (a) a judicial declaration which clearly states the illegality of their conduct and (b) an injunction barring the Defendants from engaging in such illegal conduct in the future.



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

## V. PRAYER FOR RELIEF

WHEREFORE, in accord with the allegations of this complaint, Representative Plaintiffs, and all others similarly situated, demand judgment against Defendants and pray the Court to do the following:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in any other unfair, deceptive, or unlawful practices concerning the transmission of commercial text messages and commercial solicitations to Representative Plaintiff and other class members, and the collection and storage of contact information belonging to individuals who are not customers of Defendants.

B. Order Defendants to make Representative Plaintiff and the other class members whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in the above paragraphs in amounts to be determined at trial, but in no event less than $500.00 per violation of RCW 19.86.010, *et seq*, and RCW 19.190.010, *et seq and* 47 U.S.C. § 227 *et seq*.

C. Order Defendants to make Representative Plaintiff and the other class members whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in the above paragraphs, in amounts to be determined at trial.

D. Order Defendants to make Representative Plaintiff and the other class members whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

E. Order Defendants to pay Representative Plaintiff and the other class members punitive and/or treble damages to the fullest extent allowed by law.

F. Award Representative Plaintiff and the other class members the costs of this action, including attorneys' fees, as authorized by the Washington Consumer Protection Act and/or as sounds in tort and contract.



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

G. Grant any additional or further relief as provided by law, which this Court finds appropriate, equitable, or just.

## VI. JURY DEMAND

Representative Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED: September 24, 2012.

**HEYRICH KALISH MCGUIGAN PLLC**
1325 Fourth Avenue, Suite 540
Seattle, WA 98101
Tel: (206) 838-2504
Fax: (206) 260-3055

*s/ Donald W. Heyrich*
Donald W. Heyrich, WSBA #23091
*dheyrich@hkm.com*
Daniel Kalish, WSBA #35815_
*dkalish@hkm.com*

Attorneys for Plaintiffs

**DECLARATION OF SERVICE**

I, the undersigned, certify that, on this date, a true copy of the foregoing document will be or has been served on the persons listed below in the manner shown:

Michael I. White, WSBA #35409
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: mwhite@williamskastner.com

Attorneys for Defendants Payzid LLC and DoCircle, Inc.

___ Legal Messenger
___ Facsimile
___ United States Mail, First Class
___ Direct Email
_X_ CM/ECF Notification

Dated: September 24, 2012

*/s/ Donald W. Heyrich, WSBA #23091*